FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff - Appellee,<br><br>   v.<br><br>ARTURO RAMIREZ,<br><br>            Defendant - Appellant. | No. 09-10121<br><br>D.C. No. 4:07-CR-01060-JMR-GEE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Submitted May 10, 2010[**]
San Francisco, California

Before: HUG, RYMER, and McKEOWN, Circuit Judges.

   Arturo Ramirez ("Ramirez") appeals his conviction of various alien

smuggling charges on the ground that the district court's denial of his motion to

suppress evidence seized by the government after an inventory search of his duffel

_____

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

bag was error. We review de novo the district court's denial of a motion to suppress evidence. United States v. Monghur, 576 F.3d 1008, 1010 (9th Cir. 2009), *amended and superseded by* 588 F.3d 975 (9th Cir. 2009). Factual findings are reviewed for clear error. Id. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramirez was arrested by Border Patrol agents on suspicion of involvement in alien smuggling. After discovering illegal aliens in a motel room that Ramirez had apparently paid for, Border Patrol agents followed Ramirez into another open motel room being cleaned by a member of the custodial staff. Although Ramirez claimed that the room was his, the custodian confirmed for the agents that the room was not listed as occupied, that Ramirez's keys did not work in that room, and that there was no room in the motel corresponding to the room number that Ramirez claimed was his.

Incident to the arrest, and with Ramirez's consent, agents searched Ramirez's duffel bag for weapons. They found none. At the Border Patrol station, agents did an inventory search of the bag in the presence of Ramirez. They discovered, among other things, Mexican currency, Mexican birth certificates, Mexican passports, and a Mexican driver's license.

Ramirez urges us to find error with the district court's denial of his motion to suppress because the warrantless search at the station violated his Fourth Amendment rights. We disagree. An "inventory search constitutes a well-defined exception to the warrant requirement." Illinois v. Lafayette, 462 U.S. 640, 643 (1983). "The policies behind the warrant requirement are not implicated in an inventory search nor is the related concept of probable cause." Colorado v. Bertine, 479 U.S. 367, 371 (1987) (internal citation omitted). The decisions of the Supreme Court "point unmistakably to the conclusion reached by both federal and state courts that inventories pursuant to standard police procedures are reasonable." South Dakota v. Opperman, 428 U.S. 364, 372 (1976). These inventory procedures function to protect an owner's property while it is in police custody, insure against claims of lost, stolen, or vandalized property, and safeguard the police against potential dangers. Bertine, 479 U.S. at 372.

Ramirez does not contest the constitutionality of inventory searches generally, but argues that because he was a guest in the motel, the agents improperly seized his bag and thus artificially created the circumstances under which an inventory search was necessary. His argument is unconvincing. Ramirez was not arrested in his own motel room; instead, he was arrested in an empty motel room in which he was not staying. The notion that the agents should have left

3

Ramirez's bag with the custodian, who by all accounts was mainly concerned with shooing the occupants out of the room so she could do her job, is farfetched. The agents reasonably assumed that Ramirez's bag would be safer in their custody than it would be if it was left where it was, or if it was left with a member of the custodial staff whose job did not include functioning as a bailee. "The reasonableness of any particular governmental activity does not necessarily or invariably turn on the existence of alternative 'less intrusive' means." Lafayette, 462 U.S. at 647 (upholding inventory search of a shoulder bag).

The search at the station was conducted pursuant to standard procedures and there is no indication that the bag was seized in bad faith. Agents had already searched the bag for weapons incident to the arrest; they had no reason to use the inventory search as a pretext to look inside.

The conviction is affirmed.

**AFFIRMED.**